### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

AARON RAMSEY                                    CIVIL ACTION NO. 20-1608

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

BOSSIER CITY, ET AL.                            MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 71) filed by Defendant Lieutenant Jason Porter ("Porter"). Porter seeks summary judgment as to the remaining claim against him in his individual capacity under 42 U.S.C. § 1983 filed by Plaintiff Aaron Ramsey ("Ramsey"). Ramsey opposed the Motion. See Record Document 73. Porter replied to Ramsey's Opposition. See Record Document 74. For the reasons set forth below, the Motion for Summary Judgment is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of the apprehension and subsequent arrest of Ramsey by Bossier City police officers after a suspected burglary. See Record Document 15 at 4. On the night of December 9 into the early hours of December 10, 2019, Corporal Jeremy Nelson used a police canine to aid in apprehending Ramsey, who attempted to flee from police. See id. After his arrest, Ramsey was taken to Ochsner LSU Health Shreveport ("OLSUS") to receive care for his injuries from the police canine bite. See Record Document 71-1 at 1. While at OLSUS, Ramsey was treated for the lacerations, and X-rays were taken of his left arm and shoulder; these X-rays ultimately showed no injuries. See id. Ramsey was later booked at Bossier Maximum Security Facility, where he received treatment from medical staff for eight days for wound care. See id. at 2.

1

Subsequently, Ramsey refused Tylenol, reported no further pain or injuries, and was cleared for work as of January 23, 2020. See id. (Ex. 3 Clinic Notes for Aaron Ramsey; Ex. 4 Medical Department Waiver Liability for Workers).

On July 13, 2020, Ramsey requested an examination of his right shoulder and neck via a Medical Attention Request. See id. (Ex. 5). Ramsey was examined by medical staff that same day. See id. (Ex. 8 Letter to Captain Boyer). Unsatisfied with his care, Ramsey filed an Administrative Remedy Response Form on July 17, 2020, and "an hour later," Ramsey was seen by Nurse Cyndi Holley. See id. (Ex. 8). Porter, one of the prison deputies, attended Nurse Holley's examination, and Ramsey alleges Porter made comments during the exam concerning payment for Ramsey's medical care. See id. (Ex. 8). Following the July 17 examination, Nurse Holley emailed Porter to explain her denial of any additional medical treatment for Ramsey on this issue. See id. (Ex. 10 Email from Nurse Holley to Porter). Porter thereafter denied Ramsey's medical request; Ramsey signed an acknowledgment of his receipt of the denial on August 24, 2020. See id. (Ex. 9 Administrative Remedy Procedure First Response Form). Ramsey then appealed the denial of his Administrative Remedy Request to Captain Boyer, the prison warden, who in turn denied the appeal. See id. (Ex. 8; Ex. 11 Administrative Remedy Procedure Second Response Form).

On December 9, 2020, Ramsey filed the instant suit, naming as Defendants the City of Bossier City, Corporal Nelson, and Porter, among others, alleging violations of his constitutional rights under 42 U.S.C. § 1983 and Articles 2, 13, and 25 of the Louisiana Constitution. See Record Document 15 at 6. The sole remaining claim in Ramsey's suit is against Porter in his individual capacity under Section 1983 for Porter's alleged

deliberate indifference towards Ramsey's serious medical needs. See id. at 11–12. Ramsey alleges that Porter "failed to seek medical care for Ramsey despite Ramsey's continued requests for such care" and "exhibited deliberate medical indifference to [Ramsey's] serious medical needs by failing to relay the request for medical care to the medical personnel within the prison and/or otherwise seek the requested medical care." See id.

In the present Motion for Summary Judgment, Porter argues that he is entitled to judgment as a matter of law because Ramsey has not stated a claim upon which relief can be granted and has failed to produce competent summary judgment evidence to create a genuine issue of material fact. See Record Document 62 at 4. Specifically, Porter asserts that there is no factual support for Ramsey's claim of deliberate indifference. See id. at 5. In his response, Ramsey argues: (1) Porter's Motion for Summary Judgment is untimely; and (2) there are genuine issues of material fact concerning Ramsey's medical care. See Record Document 73 at 2–3. In his reply, Porter reasserts that Ramsey has still not produced sufficient evidence to demonstrate deliberate indifference, and thus Ramsey's claims must be dismissed. See Record Document 74 at 3.

**LAW AND ANALYSIS**

I.     **Summary Judgment Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

3

Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). Further, "the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial." Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir. 2012).

## II.    Analysis

Before addressing the merits of Porter's arguments, Ramsey argues that Porter's Motion for Summary Judgment is untimely and thus should be stricken. See Record Document 73 at 2. Ramsey asserts that the deadline for filing a dispositive motion was August 15, 2022, and on that date, Porter filed a deficient document titled "Memorandum in Support of a Motion for Summary Judgment" (Record Document 62). See id. After a Notice of Deficient Document (Record Document 63) was filed, Ramsey asserts that Porter failed to take any corrective action within the ten-day deadline. See id. However, in an Order issued by this Court, Porter was granted an extension to September 16, 2022, to file the additional required documents, and Porter filed the Motion for Summary Judgment and Statement of Facts on September 16. See id.; see Record Document 70

4

& 71. Thus, Porter complied with the Court's newly-issued deadline by filing his Motion for Summary Judgment on September 16. <u>See</u> Record Document 70 & 71. Thus, this Court finds that the Motion for Summary Judgment is both timely and properly before the Court.

Having determined that Porter's Motion for Summary Judgment is timely, the Court turns to the merits of the motion. Porter argues that there is no evidence to show that he was deliberately indifferent towards Ramsey's serious medical needs. <u>See</u> Record Document 62 at 5. Ramsey responds that "Porter is liable for interfering with [Ramsey's] ability to obtain medical care which amounts to deliberate medical indifference" and that several issues of material fact prevent summary judgment on this claim. <u>See</u> Record Document 73 at 3.

"[D]eliberate indifference to the serious medical needs of an inmate violates the Constitution's ban against cruel and unusual punishment under the Eighth Amendment." <u>Robinson v. Bossier Par. Sheriff</u>, No. CIV. A. 08-333, 2010 WL 456774, at *3 (W.D. La. Feb. 3, 2010). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285 (1976). "Deliberate indifference is an extremely high standard to meet." <u>Domino v. Texas Dep't of Crim. Just.</u>, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006). Thus, to succeed on a claim of deliberate indifference, Ramsey must demonstrate that Porter "refused to treat him, ignored his complaints,

intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). "To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). To avoid summary judgment, the facts must "clearly evince the medical need in question and indicate that the denial of treatment was much more likely than not to result in serious medical consequences, and additionally that the defendants had sufficient knowledge of the situation so that the denial of medical care constituted wanton disregard of the prisoner's rights." Johnson, 759 F.2d at 1238.

This Court agrees with Porter that Ramsey has failed to meet this high standard, and thus Porter is entitled to judgment as a matter of law. In the Amended Complaint, Ramsey's allegations relating to Porter, found in Count Five, merely state that Porter failed to seek medical care for Ramsey despite his requests for such care, and that Porter failed in his role as gatekeeper for prisoners' medical care. See Record Document 15 at 11–12. Such conclusory statements do not demonstrate how Porter (1) had knowledge of a serious risk of medical harm to Ramsey or (2) disregarded that risk in wanton disregard of Ramsey's serious medical needs. See Bradley, 157 F.3d at 1025.

As Porter points out in his motion, when Ramsey requested to have his shoulder examined on July 13, 2020, he was seen by medical staff that same day. See Record Document 62 at 9; Record Document 71 (Ex. 8 Letter to Captain Boyer). Further, after

6

Ramsey filed his Administrative Remedy Response Form on July 17, 2020, he was seen by Nurse Holley "an hour later." <u>See</u> Record Document 71 (Ex. 8 Letter to Captain Boyer). Porter's subsequent denial of Ramsey's Administrative Request, which directed Ramsey to Captain Boyer for any further complaints, does not evince a "wanton disregard" for Ramsey's serious medical needs. <u>See id.</u> (Ex. 9 Administrative Remedy Procedure First Response Form). Porter apparently based this denial on an email from Nurse Holley, a medical professional, explaining why she believed Ramsey did not need further medical care. <u>See id.</u> (Ex. 10 Email from Nurse Holley to Porter). Ramsey "can produce no evidence establishing that Porter's actions led to a delay or denial in [Ramsey] receiving medical care because each time [Ramsey] made a request, he was seen on the same day…and the decision whether to provide additional treatment is not a decision for Porter to make." <u>See</u> Record Document 62 at 11; <u>see also</u> <u>Estelle</u>, 429 U.S. at 107 (finding "whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment"); <u>Roberts v. Lessard</u>, 841 F. App'x 691, 695 (5th Cir. 2021) (finding that, where "[t]he record evidence shows a reasonably timed response that included prompt consultation with medical personnel," summary judgment is appropriate). Thus, Ramsey has not produced evidence that Porter disregarded Ramsey's serious medical needs, where Porter followed procedure and the guidance of the medical professional.

In his opposition to the motion, Ramsey asserts a genuine issue of material fact exists as to (1) whether it was his right or left shoulder that needed additional medical care and (2) the circumstances surrounding Porter's comments about payment for medical care during the July 17 examination. <u>See</u> Record Document 73 at 4–5. However,

as Porter points out, Ramsey's assertion still fails to establish how Porter "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs. <u>See</u> Record Document 74 at 3; <u>see also</u> <u>Johnson</u>, 759 F.2d at 1238. Even if Ramsey's right shoulder was not previously examined prior to his July requests, Ramsey was in fact seen by medical staff after these requests were made, and medical staff recommended a denial of further treatment for his right shoulder. <u>See</u> Record Document 71 (Ex. 10 Email from Nurse Holley to Porter); <u>see also</u> <u>Roberts</u>, 841 F. App'x at 696 (finding that once medical personnel gave an opinion, the prison guard's "responsibility was then to defer to the findings of the medical personnel"). Further, Ramsey has not shown how Porter's alleged comments concerning who would pay for Ramsey's medical care affected his treatment in any way. Thus, simply put, Ramsey cannot show that Porter knew of and disregarded a serious risk to Ramsey's health. Because Ramsey has not provided evidence showing deliberate indifference on the part of Porter, no genuine issue of material fact exists, and Porter is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, Porter's Motion for Summary Judgment (Record Document 71) is **GRANTED**. Ramsey's claim against Porter is **DISMISSED WITH PREJUDICE**.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this <u>7th</u> day of <u>November</u>, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT